FORMAN & ASSOCIATES
ATTORNEYS AT LAW
4340 REDWOOD HIGHWAY, SUITE E352
SAN RAFAEL, CALIFORNIA 94903

TELEPHONE: (415) 491-2310   FAX: (415) 491-2313

GEORGE FORMAN
KIMBERLY A. CLUFF
JAY B. SHAPIRO
JEFFREY R. KEOHANE

GEORGE@GFORMANLAW.COM
KCLUFF@GFORMANLAW.COM
JAY@GFORMANLAW.COM
JEFF@GFORMANLAW.COM

July 6, 2009

Molly C. Dwyer
Clerk of the Court
United States Court of Appeals for the Ninth Circuit
The James R. Browning Courthouse
95 7th Street,
San Francisco, CA 94103

    Re:    *Boyd v. City of San Francisco*, Case No. 07-16993 **[pro bono]**
           <u>Before</u>: Silverman, Clifton, M. Smith, CJJ
           <u>Hearing Date</u>: July 14, 2009

Dear Ms. Dwyer:

    Pursuant to FRAP 28(j), Plaintiffs-Appellants direct the panel's attention to the recent Order issued by Judge Illston in *A.D. v. California Highway Patrol*, 2009 WL 1817004 (N.D.Cal. June 23, 2009). (For additional background, *see* 2009 WL 733872 (March, 17, 2009).) *A.D.* involved the shooting death of Karen Eklund, whose children brought federal and state law claims. Following a bifurcated trial, the jury award damages to the children.

    The CHP moved for a new trial on several grounds, including:

> that evidence regarding Ms. Eklund's amphetamine intoxication and pending criminal actions, along with the testimony of [psychiatrist] Dr. Emily Keram,[1] were improperly excluded from evidence during the liability phase. Defendant argues that this evidence was relevant to showing that Ms. Eklund was especially dangerous and posed a threat to the officers, and that without this evidence jurors were unaware of the totality of the circumstances surrounding the shooting.

*A.D.*, 2009 WL 1817004 at *3.

---

[1] Keram provided expert testimony on suicide-by-cop for defendants in this case.

Molly C. Dwyer, Clerk of the Court
United States Court of Appeals for the Ninth Circuit
July 6, 2009
Page 2

      The district court rejected the CHP's motion, holding that the relevant evidence comprised "Eklund's conduct and the circumstances confronting Officer Markgraf when he shot [her], such as the car chase, the report of the stolen vehicle, Ms. Eklund's refusal to exit her vehicle, and [her] ramming of patrol vehicles." *Id.* By contrast, the evidence proffered by defendants was "irrelevant because Officer Markgraf was unaware that Ms. Eklund was under the influence of amphetamines or had pending criminal charges pending against her. Similarly, Dr. Keram's testimony about her psychiatric diagnosis of Ms. Eklund is irrelevant because Officer Markgraf did not know anything about Ms. Eklund–including her identity–at the time of the shooting." *Id.*

      The *Boyd* plaintiffs made similar arguments to exclude similar evidence, but the district court, in an abuse of discretion, rejected them. As a result, instead of considering only the circumstances confronting Officer Paine, the jury considered evidence learned after-the-fact, to Boyd's great prejudice. Insofar as evidence unknown to Paine had any relevance to Boyd's conduct on Larch Way, it should have been excluded nonetheless under FRE 403, 404 & 703.

      Sincerely,

      FORMAN & ASSOCIATES

      Jay B. Shapiro
      Attorney on behalf of Plaintiff-Appellants
      Marylon Boyd, Isabel Gonzalez and Kanani Boyd

Enclosures



Slip Copy  
Slip Copy, 2009 WL 733872 (N.D.Cal.)  
**(Cite as: 2009 WL 733872 (N.D.Cal.))**

Page 1

Only the Westlaw citation is currently available.

United States District Court,
N.D. California.
A.D., a minor, et al., Plaintiffs,
v.
State of CALIFORNIA HIGHWAY PATROL, et al.,
Defendants.
**No. C 07-5483 SI.**

March 17, 2009.

West KeySummary
**Federal Civil Procedure 170A 🔑2491.5**

170A Federal Civil Procedure
    170AXVII Judgment
        170AXVII(C) Summary Judgment
            170AXVII(C)2 Particular Cases
                170Ak2491.5 k. Civil Rights Cases in General. Most Cited Cases

Relatives of a woman who was shot and killed by a police officer after a high-speed car chase showed a genuine issue of material fact as to whether the officer used deadly force against the woman with a purpose to harm unrelated to a legitimate law enforcement objective. Thus, summary judgment in favor of the officer was denied. The decedent's relatives offered several indicators that the officer shot the decedent out of anger and frustration including that the officer had just been in a high-speed chase, the woman was yelling obscenities at him and she damaged his patrol car. Further, the officer fired eleven rounds into the woman, only stopping when another officer told him to stop shooting. U.S.C.A. Const.Amend. 14; 42 U.S.C.A. § 1983.

John Houston Scott, Lizabeth N. De Vries, The Scott Law Firm, San Francisco, CA, for Plaintiffs.

Thomas P. Greerty, Law Offices of Thomas P. Greerty, Martinez, CA, pro se.

John P. Devine, Office of the Attorney General, Thomas A. Blake, State Attorney General's Office, San Francisco, CA, for Defendants.

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO JOIN AN INDISPENSABLE PARTY; DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; AND GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO EXCLUDE TESTIMONY AND REPORT OF DEFENDANTS' EXPERT, DR. EMILY KERAM**

SUSAN ILLSTON, District Judge.

**\*1** On March 13, 2009, the Court heard oral argument on defendants' motions for summary judgment and to dismiss for failure to join an indispensable party, and on plaintiffs' motion to exclude the testimony and report of defendants' expert, Dr. Emily Keram. Having considered the arguments of the parties and the papers submitted, and for good cause shown, the Court DENIES defendants' motions for summary judgment and to dismiss for failure to join. The Court GRANTS plaintiffs' motion to exclude defense expert Dr. Keram as to the liability phase of the trial, and DENIES the motion as to the damages phase of the trial, without prejudice to plaintiff raising specific objections to specific areas of Dr. Keram's testimony at trial.

**BACKGROUND**

This case arises out of the shooting and killing of Karen Eklund (hereinafter, "decedent") by defendant Officer Stephen Markgraf on March 23, 2006. Plaintiffs, the decedent's minor children, bring this action for violation of their Fourteenth Amendment rights and for wrongful death.

At approximately 2:30 am on March 23, 2006, California Highway Patrol ("CHP") Officers Markgraf and Johnson were notified by dispatch that a stolen car was being pursued into their territory by other CHP officers. The decedent was driving the stolen car.[FN1] Officers Johnson and Markgraf assumed the secondary pursuit position and a high speed chase through Oakland and San Francisco ensued. The chase ended in a residential San Francisco neighborhood when the decedent turned onto a dead end street and hit a chain link fence. Officers Johnson and

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Markgraf pulled up behind the stolen car, followed by two other CHP patrol vehicles. Six officers in total were present, and all got out of their vehicles and drew their weapons. Officer Markgraf shouted at the decedent to get out of her car but she refused to comply with his orders and responded by yelling obscenities at him. The decedent drove forward and backward three times, hitting the chain link fence and then ramming Johnson and Markgraf's patrol car. Officer Markgraf tried to open the stolen car by reaching inside to turn it off or put it in park, but he was unsuccessful. Finally, unable to convince the decedent to get out of the car or turn the car off, Officer Markgraf opened fire. He shot the decedent eleven times at close range through the passenger side window of the stolen car. As he started to reload, Sergeant Clare, another officer who was standing next to Officer Markgraf, told him to stop shooting. Although all of the other officers had their guns drawn, no one else fired a shot. The decedent was not armed.

> FN1. Defendants emphasize the fact that the decedent was under the influence of methamphetamine and had a warrant out for her arrest at the time of the chase and shooting. However, none of the officers knew who the decedent was when these events occurred. Defendants only learned about her identity and drug use after her death.

Officer Markgraf testified that he shot the decedent because he feared that she would succeed in forcing her car past the CHP vehicles and run over the other officers at the scene. Plaintiffs contend that Officer Markgraf shot the decedent out of anger and frustration. There is conflicting testimony as to whether the car was moving or was stopped at the time Officer Markgraf shot the decedent. None of the other officers present testified that they felt that their lives were in immediate danger at the time of the shooting.

*2 Plaintiffs originally filed their complaint against the State of California Highway Patrol and Officer Markgraf in state court; defendants removed the case to this Court on October 26, 2007. Plaintiffs filed their first amended complaint ("FAC") on March 6, 2008, alleging violations of their Fourth and Fourteenth Amendment rights under 42 U.S.C. § 1983 and state law wrongful death. Plaintiffs' first and second causes of action were survival claims for excessive force and deliberate indifference under the Fourth and Fourteenth Amendments. Plaintiffs' third and fourth causes of action alleged deprivation of familial relationship in violation of their Fourteenth Amendment right, and state law wrongful death. In the course of briefing the instant motions plaintiffs abandoned their first and second causes of action. Currently before the Court are defendants' motion to dismiss the remaining claims for failure to join indispensable parties and for summary judgment, and plaintiffs' motion to exclude the testimony and report of defendants' expert, Dr. Emily Keram.

**LEGAL STANDARDS**

**I. Motion to Dismiss for Failure to Join an Indispensable Party**

Under Federal Rule of Civil Procedure 12(b)(7), a defendant may move to dismiss a complaint for failure to join a party under Rule 19. To find that an absent party is "indispensable," the Court must first deem the party necessary as a "person to be joined if feasible" under Rule 19(a)(1). *Schnabel v. Lui,* 302 F.3d 1023, 1029 (9th Cir.2002). A 12(b)(7) motion to dismiss for failure to join will be granted only if the Court determines that the absent party is necessary, joinder is not feasible, and the party is "indispensable." *Shermoen v. United States,* 982 F.2d 1312, 1317 (9th Cir.1992).

An absent party is necessary in two circumstances. First, if in the party's absence the Court is unable to accord complete relief to the parties present, the party is necessary. Fed.R.Civ.P. 19(a) (1). "Complete relief" in the context of Rule 19(a)(1) means that the existing parties can get meaningful recovery for their claims without multiple lawsuits on the same cause of action. *Northrop Corp. v. McDonnell Douglas Corp.,* 705 F.2d 1030, 1043 (9th Cir.1983). Thus if a party can recover damages sufficient to compensate for his or her injuries from the defendants already in the action, additional parties that are also jointly and severally liable are not needed to afford complete relief. *See, e.g., Swanigan v. Amadeo Rossi, S.A.,* 617 F.Supp. 66, 67 (E.D.Mich.1985) (holding that gun owner was not needed to afford complete relief when the gun manufacturer was already named as a defendant and plaintiff could recover all damages from manufacturer); *Bedel v. Thompson,* 103 F.R.D. 78, 80 (S.D.Ohio 1984) ("[T]he 'complete relief' requirement concerns the ability of the already included de-

Slip Copy                                                                                                                           Page 3
Slip Copy, 2009 WL 733872 (N.D.Cal.)
**(Cite as: 2009 WL 733872 (N.D.Cal.))**

fendants to fully satisfy any judgment awarded to plaintiff."). A party potentially subject to an indemnity action arising from the claim is not necessary afford complete relief. *Bedel,* 103 F.R.D. at 80; *Hancotte v. Sears, Roebuck, & Co.,* 93 F.R.D. 845, 846 (E.D.Pa.1982).

**\*3** Second, an absent party is necessary if disposition of the case without that party would as a practical matter impair his ability to protect his interests, or would subject existing parties to multiple or inconsistent obligations. Fed.R.Civ.P. 19(a)(2); *see Aguilar v. Los Angeles County,* 751 F.2d 1089, 1089 (9th Cir.1985) (interpreting and applying Rule 19(a)(2)).

If the Court concludes under Rule 19(a) that an absent party is necessary and that joinder is not feasible, it must then determine whether the action can continue in the absence of the necessary party. Rule 19(b) delineates several factors to be considered and requires that the action be dismissed if it appears in "equity and good conscience" that the absent party is indispensable. Fed.R.Civ.P. 19(b); *see Provident Tradesmens B. & T. Co. v. Patterson,* 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968) (construing Rule 19(b)).

**II. Motion for Summary Judgment**

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The moving party, however, has no burden to negate or disprove matters on which the non-moving party will have the burden of proof at trial. The moving party need only demonstrate to the Court that there is an absence of evidence to support the non-moving party's case. *See id.* at 325.

The burden then shifts to the non-moving party to "designate 'specific facts showing that there is a genuine issue for trial.' " *Id.* at 324 (quoting Fed.R.Civ.P. 56(e)). To carry this burden, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). "The mere existence of a scintilla of evidence ... will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

In deciding a summary judgment motion, the evidence is viewed in the light most favorable to the non-moving party, and all justifiable inferences are to be drawn in its favor. *Id.* at 255. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge [when she] is ruling on a motion for summary judgment." *Id.* The evidence presented by the parties must be admissible. Fed.R.Civ.P. 56(e). Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment. *Thornhill Publ'g Co., Inc. v. GTE Corp.,* 594 F.2d 730, 738 (9th Cir.1979).

**III. Motion to Exclude Evidence**

**\*4** Federal Rule of Evidence 402 provides that evidence which is not relevant is not admissible. "Relevant evidence" is defined as evidence "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Ev. 401. Rule 403 further provides that even relevant evidence may be excluded if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Unfair prejudice is the tendency "to suggest decision on an improper basis, commonly ... an emotional one." *United States v. W.R. Grace,* 504 F.3d 745, 759 (9th Cir.2007) (*quoting* Advisory Committee notes to Rule 403).

Federal Rule of Evidence 702 provides that expert testimony is admissible if "scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue." Fed.R.Evid. 702. Expert testimony under Rule 702 must be both relevant and reliable. *Daubert v. Merrell Dow Pharms., Inc.,* 509 U.S. 579, 589, 113

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Slip Copy  
Slip Copy, 2009 WL 733872 (N.D.Cal.)  
**(Cite as: 2009 WL 733872 (N.D.Cal.))**

Page 4

S.Ct. 2786, 125 L.Ed.2d 469 (1993). When considering evidence proffered under Rule 702, the trial court must act as a "gatekeeper" by making a preliminary determination that the expert's proposed testimony is reliable. Elsayed Mukhtar v. Cal. State Univ., Hayward, 299 F.3d 1053, 1063 (9th Cir.2002), *amended by* 319 F.3d 1073 (9th Cir.2003).

**DISCUSSION**

**I. Motion to Dismiss for Failure to Join an Indispensable Party**

Defendants move to dismiss plaintiffs' complaint for failure to join the decedent's estranged husband, John Jay Eklund, and the County of Contra Costa ("County") as indispensable parties. Plaintiffs do not oppose the motion as it applies to the Fourth Amendment survivor claim, and withdraw that claim. Pl. Opp. at 1, Docket No. 48.However, plaintiffs oppose the motion as it relates to dismissal of their wrongful death claim. Thus, the Court must decide whether Mr. Eklund and the County are indispensable parties to the wrongful death claim.

**A. Mr. Eklund**

Under California law, a wrongful death action is a statutory, rather than common law, claim. Rutterberg v. Rutterberg, 53 Cal.App.4th 801, 807, 62 Cal.Rptr.2d 78 (Ct.App.1997). Only persons enumerated in California Code of Civil Procedure section 377.60 have standing to bring a wrongful death claim. While each heir has a personal and separate cause of action and a separate rather than joint interest, Ruttenberg, 53 Cal.App.4th at 806-07, 62 Cal.Rptr.2d 78, a wrongful death cause of action is considered joint and indivisible. Helling v. Lew, 28 Cal.App.3d 434, 438, 104 Cal.Rptr. 789 (Ct.App.1972). An heir who brings a wrongful death action has "a mandatory duty to join all known omitted heirs in the 'single action' for wrongful death." Ruttenberg, 53 Cal.App.4th at 808, 62 Cal.Rptr.2d 78. Thus, missing heirs are necessary parties. *Id.*

**\*5** Because Mr. Eklund is a missing heir and therefore a necessary party, the Court must decide whether joinder of Mr. Eklund is feasible, and, if not, whether he is an indispensable party. The Court finds that the joinder of Mr. Eklund is not feasible, because he has not filed a six-month statutory claim in this action and therefore is time-barred from participating. Although plaintiffs did not provide any evidence that Mr. Eklund had failed to file a statutory claim, defendants at the hearing confirmed that Mr. Eklund had in fact failed to file a statutory claim in this action. While defendants indicated that Mr. Eklund is hospitalized and suggested that the six-month statutory period for filing a statutory claim may have been tolled, defendants did not provide any evidence thereof, such as the dates of Mr. Eklund's hospitalization or the degree of his incapacitation. The Court therefore finds that joinder of Mr. Eklund is not feasible.

The Court further finds that Mr. Eklund is not an indispensable party. He is not eligible for relief due to his failure to timely file an administrative claim, and thus if any relief is awarded it could only go to the named heirs. Likewise, because Mr. Eklund cannot claim an interest in the action, any judgment rendered in his absence could not prejudice him. For the same reasons, his absence will not prevent the Court from awarding meaningful relief to the present parties. Mr. Eklund, therefore, is a necessary but not indispensable party. The action may proceed in his absence.

**B. The County**

Defendants claim that the County is an indispensable party because at the time of her death the decedent was subject to orders of the Contra Costa County Superior Court to reimburse the County for the cost of placing her children in foster care. Defendants argue that the County therefore has a superior right to proceed in the survival cause of action to recover the money it is owed by decedent's estate, and thus that absent joinder of the County plaintiffs' complaint must be dismissed. However, because plaintiffs have abandoned their survival action, defendants' argument is moot. Defendants do not contend that the County is an indispensable party to the wrongful death cause of action.

Therefore, for the reasons stated above, the Court DENIES defendants' motion to dismiss for failure to join an indispensable party.

**II. Motion for Summary Judgment**

**A. Withdrawn Claims**

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Slip Copy                                                                                                                                Page 5
Slip Copy, 2009 WL 733872 (N.D.Cal.)
**(Cite as: 2009 WL 733872 (N.D.Cal.))**

As an initial matter, the Court notes that both parties have withdrawn certain claims and contentions in response to various motions. Specifically, plaintiffs have withdrawn their first and second causes of action, and thus no Fourth Amendment claims remain. Pl. Opp. at 1, Docket No. 50.Defendants concede that by removing this case to federal court, they have waived their 11 th Amendment immunity argument. Defs. Reply at 14, Docket No. 58.Thus, the Court only addresses defendants' motion for summary judgment as it applies to plaintiffs' third cause of action for deprivation of familial relations in violation of the Fourteenth Amendment, and plaintiff's fourth cause of action for wrongful death.

**B. Fourteenth Amendment**

**\*6** Plaintiffs claim that defendants violated their Fourteenth Amendment right to familial relationships when Officer Markgraf shot and killed their mother. Defendants argue that summary judgment is appropriate as to this cause of action because plaintiffs have not advanced any facts showing that Officer Markgraf acted with a purpose to harm the decedent unrelated to law enforcement objective and that even if they had, Officer Markgraf is entitled to qualified immunity.

**1. Proper Standard**

A substantive due process claim under the Fourteenth Amendment based on deprivation of the liberty interest arising out of familial relations may be asserted by the children of a person killed by law enforcement officers. Moreland v. Las Vegas Metro. Police Dep't, 159 F.3d 365, 371 (9th Cir.1998). In order for plaintiffs to state such a claim, the officer's conduct in killing the decedent must shock the conscience. *See* County of Sacramento v. Lewis, 523 U.S. 833, 849, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998). Where the situation allows for deliberation, a plaintiff must show deliberate indifference on the part of the defendant in order to demonstrate conscience shocking behavior. *See id.* at 853.Plaintiffs contend that this deliberate indifference standard is applicable here. However, when government actors must act quickly without the benefit of reflection, plaintiffs must show that defendants acted with "purpose to cause harm unrelated to the legitimate object of arrest" in order to establish behavior that shocks the conscience. *See id.* at 836.Defendants contend that this heightened "purpose to harm" standard applies here.

The Court agrees with defendants that the more stringent purpose to harm standard governs. Although Officer Markgraf had cornered the decedent on a dead end street, the decedent was still trying to escape and refused to get out of the car as requested by Officer Markgraf. The situation was fast-paced, even though the actual car chase had ended by the time Officer Markgraf shot the decedent. The entire series of events was "quickly evolving and escalating, prompting 'repeated split-second decisions.' " Porter v. Osborne, 546 F.3d 1131, 1139 (9th Cir.2008) (*quoting* Bingue v. Prunchak, 512 F.3d 1169, 1176 (9th Cir.2008)). The decedent acted evasively throughout the entire episode, and all the officers had to react quickly. Under these circumstances, whether Officer Markgraf' s conduct shocks the conscience "must be evaluated under the purpose to harm standard of culpability." Porter, 546 F.3d at 1140.

**2. Qualified Immunity**

The defense of qualified immunity protects "government officials ... from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). Qualified immunity "shields an officer from suit when she makes a decision that, even if constitutionally deficient, reasonably misapprehends the law governing the circumstances she confronted." Brosseau v. Haugen, 543 U.S. 194, 198, 125 S.Ct. 596, 160 L.Ed.2d 583 (2004)."Therefore, regardless of whether the constitutional violation occurred, the [official] should prevail if the right asserted by the plaintiff was not 'clearly established' or the [official] could have reasonably believed that his particular conduct was lawful." Romero v. Kitsap County, 931 F.2d 624, 627 (9th Cir.1991)."Because the focus is on whether the officer had fair notice that her conduct was unlawful, reasonableness is judged against the backdrop of the law at the time of the conduct. If the law at that time did not clearly establish that the officer's conduct would violate the Constitution, the officer should not be subject to liability or, indeed, even the burdens of litigation." Brosseau, 543 U.S. at 198.

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Slip Copy  
Slip Copy, 2009 WL 733872 (N.D.Cal.)  
**(Cite as: 2009 WL 733872 (N.D.Cal.))**

Page 6

**\*7** To determine whether Officer Markgraf is entitled to qualified immunity, the Court must decide whether plaintiffs have identified facts sufficient to allow a reasonable jury to find that a constitutional violation occurred (here, whether Officer Markgraf acted with a "purpose to harm" the decedent unrelated to legitimate law enforcement objectives), and whether that right was clearly established at the time of the alleged violation.[FN2] *Porter,* 546 F.3d at 1136. The plaintiff bears the burden of proving the existence of a "clearly established" liberty interest at the time of the allegedly impermissible conduct. *Romero,* 913 F.2d at 627. Because the Court makes this determination in the context of a motion for summary judgment, it must view all facts and draw all reasonable inferences in favor of plaintiffs, the nonmoving party. *Brosseau,* 543 U.S. at 195, n. 2.

> FN2. Under *Saucier v. Katz,* 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001), district courts were required to conduct this inquiry as a rigid two-step analysis: first the court was required to decide whether a plaintiff had shown a constitutional violation, then, if the plaintiff satisfied that step, the court decided whether the right was "clearly established" at the time of the violation. However, the Supreme Court has recently decided that "while the sequence set forth [in *Saucier* ] is often appropriate, it should no longer be regarded as mandatory." *Pearson v. Callahan,* --- U.S. ----, ----, 129 S.Ct. 808, 818, 172 L.Ed.2d 565 (2009).

Here, plaintiff has raised sufficient issues of fact to show that a constitutional violation may have occurred; specifically, that Officer Markgraf acted with a purpose to harm the decedent which was "unrelated to the legitimate object of arrest." *Lewis,* 523 U.S. at 836. Several facts indicate that under the totality of the circumstances a jury could find that Officer Markgraf was acting "for purposes other than legitimate law enforcement." *Porter,* 546 F.3d at 1141. For instance, some facts suggest that Officer Markgraf and the other officers were not in danger when Officer Markgraf shot the decedent. While Officer Markgraf testified that when he shot the decedent her car was moving and he feared she was going to run over other officers, Sergeant Clare testified that the car was stopped at the time the shooting happened. *See* Decl. of Tom Blake In Support of Motion for Summary Judgment, Exh. D at 15-16, Docket No. 39; Amended Decl. of Counsel In Support of Motion for Summary Judgment, Exh. G at 38; Docket No. 56.This disputed issue of fact goes directly to whether Officer Markgraf shot the decedent for a legitimate law enforcement reason or with the unrelated purpose to harm her. Plaintiff also points to several indications that Officer Markgraf shot the decedent out of anger and frustration instead of a legitimate law enforcement purpose, including the facts that Officer Markgraf had just been in a high speed chase, the decedent was yelling obscenities at him, the decedent had damaged his patrol car, Officer Markgraf fired eleven rounds, and Sergeant Clare felt compelled to tell him to stop shooting. Thus, it appears that plaintiffs here can make out a constitutional violation even under the heightened purpose to harm standard.

Because the Court has decided that plaintiff has proffered enough facts to allow a reasonable jury to find that Officer Markgraf acted with a purpose to harm the decedent unrelated to a legitimate law enforcement objective, it follows that that right was clearly established at the time of the alleged violation. Defendants could not credibly argue that Officer Markgraf had no idea that it would be unlawful for him to shoot the decedent with a purpose to harm her unrelated to legitimate law enforcement objectives. Plaintiffs cite several cases in support of the proposition that substantive due process prevents the government from engaging in behavior that shocks the conscience, and that acting with a purpose to harm that is separate from a legitimate law enforcement purpose qualifies as conscience shocking behavior even in a rapidly escalating situation. *See Lewis,* 523 U.S. at 846; *Bryan County v. Brown,* 520 U.S. 397, 410, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997); *Moreland,* 159 F.3d at 371. This is sufficient to show that plaintiffs carried their burden of establishing that the right in question was clearly established at the time of the alleged violation.

**\*8** Defendants contend that *Brosseau* is dispositive on the qualified immunity issue. In *Brosseau,* the defendant officer shot the plaintiff as he attempted to flee from the police in his car. *Brosseau,* 543 U.S. at 194. The plaintiff survived the shooting and brought suit against the officer, alleging that the officer had used excessive force in violation of plaintiff's Fourth Amendment rights. *Id.* at 195.The district court held

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Slip Copy  
Slip Copy, 2009 WL 733872 (N.D.Cal.)  
**(Cite as: 2009 WL 733872 (N.D.Cal.))**

Page 7

that the officer was entitled to qualified immunity. *Id.* The Ninth Circuit reversed, but the Supreme Court reversed and remanded, holding that the Ninth Circuit had erred by not considering whether the constitutional right was "clearly established" in the "particularized" sense that the officer was violating the plaintiff's Fourth Amendment right. *Id.* at 199. The Court stated that the appellate court should have considered whether the officer would have known she was violating plaintiff's Fourth Amendment right in the specific context the officer confronted: "whether to shoot a disturbed felon, set on avoiding capture through vehicular flight, when persons in the immediate area are at risk from that flight." *Id.* at 200. Relying on *Brosseau,* defendants argue that plaintiffs have not provided authority showing that the asserted constitutional rights were clearly established in the specific situation Officer Markgraf confronted when he shot the decedent, and therefore that Officer Markgraf is entitled to qualified immunity.

The Court disagrees that *Brosseau* is dispositive here. While the *Brosseau* Court held that it was error not to inquire whether it was "clearly established" that the defendant violated the plaintiff's Fourth Amendment rights in a "more particularized sense," *Brosseau,* 543 U.S. at 199, the Court also noted that "in an obvious case," general standards can show that a right was "clearly established" at the time of an alleged violation, "even without a body of relevant case law." *Id;* *see also* *Hope v. Pelzer,* 536 U.S. 730, 738, 122 S.Ct. 2508, 153 L.Ed.2d 666 (2002) (noting that in a case where an Eighth Amendment violation was "obvious" there did not need to be a materially similar case for the right to be clearly established). The instant case is more analogous to the "obvious" cases, and differs from *Brosseau* in crucial respects. For example, the officer in *Brosseau* knew that the plaintiff was a dangerous felon at the time she shot him, and this affected the "particularized situation" that she faced when she allegedly used excessive force. *Brosseau,* 543 U.S. at 196. In the instant case, Officer Markgraf did not know anything about the decedent when he shot her. Therefore, he was not in a situation where he knew he was dealing with a "disturbed felon." As the *Brosseau* Court notes, the dispositive inquiry in determining whether a right is clearly established is "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted ." *Brosseau,* 543 U.S. at 199. In the instant case, plaintiffs have provided sufficient evidence to allow a reasonable jury to find that Officer Markgraf used deadly force with a purpose to harm unrelated to legitimate law enforcement objections. Certainly defendant disagrees with any such finding, and will argue its contrary. However, if such a finding were made it would amount to a clear violation of plaintiffs' well-established Fourteenth Amendment rights. The law is settled that acting with a purpose to harm unrelated to legitimate law enforcement objectives is a constitutional violation. *See* *Lewis,* 523 U.S. at 846; *Bryan County v. Brown,* 520 U.S. 397, 410, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997); *Moreland,* 159 F.3d at 371.

**\*9** Thus, the Court finds that summary judgment on the issues of the alleged Fourteenth Amendment violation and qualified immunity is improper. Plaintiffs have submitted evidence sufficient to allow a reasonable jury to find that Officer Markgraf acted with a purpose to harm the decedent, and that right was clearly established at the time of the shooting. Therefore, defendants' motion for summary judgment based on plaintiffs' failure to set forth facts in support of their Fourteenth Amendment claim and qualified immunity is DENIED.

**C. Respondeat Superior**

Defendants concede that they have waived their 11th Amendment immunity argument with regard to plaintiffs' wrongful death claim. However, defendants also argue that plaintiffs' wrongful death claim must fail as a matter of law because it is directed only toward the State of California, and there is no respondeat superior liability for public entities under 42 U.S.C. § 1983. Furthermore, defendants claim that there is no basis for vicarious liability for a public entity under state law when the employee is not liable.

As an initial matter, the Court notes that while defendants raised this issue as an affirmative defense in their answer to plaintiffs' FAC, defendants did not assert this contention until their reply brief. It is improper to raise new arguments for the first time in a reply brief because the other party does not have a chance to respond. *See* *Lentini v. Cal. Ctr. for the Arts,* 370 F.3d 837, 843 n. 6 (9th Cir.2004); *United States v. Rearden,* 349 F.3d 608, 614 n. 2 (9th Cir.2003) ("We decline to consider Rearden's argument ... because it is raised for the first time in reply."); *Cedano-Viera v. Ashcroft,* 324 F.3d 1062, 1066 n. 5 (9th Cir.2003) ("We decline to consider

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

new issues raised for the first time in a reply brief.").

However, defendants' contention also fails on the merits. It is irrelevant that there is no respondeat superior liability for public entities under 42 U.S.C. § 1983 because plaintiff brings the wrongful death claim under California Code of Civil Procedure § 377.60, not under 42 U.S.C. § 1983. Furthermore, while defendants are correct that a public entity is not vicariously liable under state law if its employee is not liable, it is not clear from plaintiffs' complaint that they are *not* seeking to hold Officer Markgraf liable for wrongful death. If plaintiffs are successful in proving that Officer Markgraf is liable, the CHP may be liable under the doctrine of respondeat superior. *See* Cal. Gov.Code § 815.2(a) ("A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative."). Therefore, the Court DENIES defendants' motion for summary judgment as to the wrongful death claim.

### III. Motion to Exclude Expert Testimony

**\*10** Plaintiffs move to exclude the testimony of defendants' psychiatric expert on the grounds that it is irrelevant and unduly prejudicial. The Court agrees with plaintiffs that the testimony would be irrelevant and unfairly prejudicial in the liability phase of the trial, but finds that it would be appropriate at the damages phase.

Dr. Keram opines about the decedent's psychiatric diagnosis, her capacity to fulfill her parental roles, the consequences of the decedent's abuse of plaintiffs, and the decedent's ability for future employability. These matters are not relevant in the liability phase because Officer Markgraf did not know who the decedent was when he shot her, and plaintiffs have not put the decedent's motive at issue. Even if somehow marginally relevant, these matters run the risk of unfairly prejudicing plaintiffs. However, this expert opinion is relevant to damages because plaintiffs seek recovery for loss of society, comfort, and affection, and for the loss of services and economic support.[FN3] Dr. Keram's testimony is directly relevant to the amount that plaintiffs will be able to recover for these claims, and thus, the testimony is proper in the damages phase of the trial. Plaintiffs' motion to exclude Dr. Keram's testimony is thus GRANTED as to the liability phase of the trial and DENIED as to the damages phase of the trial. This ruling is without prejudice to plaintiffs raising specific objections to Dr. Keram's testimony at trial.

> [FN3.] Plaintiffs claim that they "are not seeking damages for lost economic support."Pl. Mtn. to Exclude Expert Testimony at 1, Docket No. 33. However, in their FAC plaintiffs specifically list the "loss of the services and economic support of the decedent" in their Statement of Damages. It is unclear whether plaintiffs are still pursuing these damages.

### CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby DENIES defendants' motions to dismiss for failure to join an indispensable party and for summary judgment, and GRANTS plaintiffs' motion to exclude defendants' expert Dr. Keram as to the liability phase of the trial, but DENIES plaintiffs' motion as to the damages phase of trial. (Docket Nos. 31, 32, and 37).

**IT IS SO ORDERED.**

N.D.Cal.,2009.
A.D. v. California Highway Patrol
Slip Copy, 2009 WL 733872 (N.D.Cal.)

END OF DOCUMENT

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.



Slip Copy
Slip Copy, 2009 WL 1817004 (N.D.Cal.)
**(Cite as: 2009 WL 1817004 (N.D.Cal.))**

Page 1

Only the Westlaw citation is currently available.

United States District Court,
N.D. California.
A.D., a minor, et al., Plaintiffs,
v.
State of CALIFORNIA HIGHWAY PATROL, et al., Defendants.
**No. C 07-5483 SI.**

June 23, 2009.

John Houston Scott, Lizabeth N. De Vries, Scott Law Firm, San Francisco, CA, for Plaintiffs.

Thomas P. Greerty, Martinez, CA, pro se.

John P. Devine, Thomas A. Blake, Office of the Attorney General, San Francisco, CA, for Defendants.

**ORDER DENYING DEFENDANT'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW AND DENYING DEFENDANT'S MOTION FOR NEW TRIAL**

SUSAN ILLSTON, District Judge.

***1** Defendant's motions for judgment as a matter of law and for a new trial are scheduled for a hearing on June 26, 2009. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matters are appropriate for resolution without oral argument, and VACATES the hearing. For the reasons set forth below, the Court DENIES the motions.

**LEGAL STANDARDS**

**I. Renewed motion for judgment as a matter of law**

In reviewing a renewed motion for judgment as a matter of law, the Court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor. *See Josephs v. Pacific Bell,* 443 F.3d 1050, 1062 (9th Cir.2006). "The test applied is whether the evidence permits only one reasonable conclusion, and that conclusion is contrary to the jury's verdict." *Id.* The question is whether there is substantial evidence to support the jury finding for the nonmoving party. *See Johnson v. Paradise Valley Unified Sch. Dist.,* 251 F.3d 1222, 1227 (9th Cir.2001). In ruling on such a motion, the trial court may not weigh the evidence or assess the credibility of witnesses in determining whether substantial evidence exists to support the verdict. *See Mosesian v. Peat, Marwick, Mitchell & Co.,* 727 F.2d 873, 877 (9th Cir.1984). Substantial evidence is more than a scintilla of evidence. *See Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938); *Chisholm Bris. Farm Equip. Co. v. Int'l Harvester Co.,* 498 F.2d 1137, 1140 (9th Cir.1974). Rather, it is defined as such relevant evidence as reasonable minds might accept as adequate to support a conclusion even if it is possible to draw two inconsistent conclusions from the evidence. *See Landes Constr. Co. v. Royal Bank of Canada,* 833 F.2d 1365, 1371 (9th Cir.1987).

**II. Motion for a new trial**

Federal Rule of Civil Procedure 59(a) states, "A new trial may be granted ... in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States."Fed.R.Civ.P. 59(a)(1). The Ninth Circuit has noted, "Rule 59 does not specify the grounds on which a motion for a new trial may be granted." *Zhang v. Am. Gem Seafoods, Inc.,* 339 F.3d 1020, 1035 (9th Cir.2003). Instead, the court is "bound by those grounds that have been historically recognized."*Id.*"Historically recognized grounds include, but are not limited to, claims 'that the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving.'" *Molski v. M.J. Cable, Inc.,* 481 F.3d 724, 728 (9th Cir.2007) (*quoting Montgomery Ward & Co. v. Duncan,* 311 U.S. 243, 251, 61 S.Ct. 189, 85 L.Ed. 147 (1940)). The Ninth Circuit has held that "[t]he trial court may grant a new trial only if the verdict is contrary to the clear weight of the evidence, is based upon false or perjurious evidence, or to prevent a miscarriage of justice." *Passantino v. Johnson & Johnson Consumer Prods.,* 212 F.3d 493, 510 n. 15 (9th Cir.2000).

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Slip Copy  
Slip Copy, 2009 WL 1817004 (N.D.Cal.)  
**(Cite as: 2009 WL 1817004 (N.D.Cal.))**

Page 2

# DISCUSSION

**\*2** A jury trial was held from April 27-May 7, 2009. The jury found in favor of plaintiffs A.D. and J.E. on their claim that defendant Markgraf violated their Fourteenth Amendment rights by unlawfully depriving them of their liberty interest in their family relationship with their mother, Karen Eklund. In a bifurcated damages phase, the jury awarded $30,000 to each plaintiff. The Court entered final judgment on May 8, 2009. Now before the Court is defendant's renewed motion for judgment as a matter of law, as well as defendant's motion for a new trial.

## I. Renewed motion for judgment as a matter of law

Defendant contends that he is entitled to judgment as a matter of law because plaintiffs did not produce sufficient evidence to show that Officer Markgraf acted with a purpose to cause harm unrelated to a legitimate law enforcement objective. Defendant argues that the evidence showed that the "situation was tense, rapidly evolving, life-threatening and required the officer to act quickly and without the luxury of a second chance."Motion at 4:6-7. Defendant also argues that he is entitled to qualified immunity because, at the time of the shooting, it was not clearly established in the specific context of these facts that Markgraf was violating Eklund's Fourth Amendment rights.

In reviewing defendant's motion, the Court must draw all reasonable inferences in favor of the jury's verdict. See *Josephs,* 443 F.3d at 1062. Based on the evidence presented at trial, the jury could reasonably conclude that defendant Markgraf acted with a purpose to harm unrelated to a legitimate law enforcement objective. The evidence showed that (1) Ms. Eklund's car was contained in a dead-end street; (2) Ms. Eklund refused to get out of her car and repeatedly said "fuck you" to Markgraf; (3) the officers were positioned such that they were not in the path of Ms. Eklund's vehicle; (4) other officers at the scene testified that they did not feel threatened nor did they perceive an immediate threat at the time of the shooting; (5) five other officers had guns drawn but no one other than Officer Markgraf fired; (6) officers testified that Ms. Eklund's car was either stopped or going forward at the time of the shooting; (7) the location of the Eklund vehicle at the time of the shooting was not consistent with Markgraf's testimony; and (8) Officer Markgraf shot Ms. Eklund 12 times and emptied his gun. The jury could reasonably assess this evidence, including Officer Markgraf's testimony and credibility, and conclude that he shot Ms. Eklund out of anger or some other reason unrelated to a legitimate law enforcement objective.

Defendant's qualified immunity arguments are the same as presented in the motion for summary judgment, and for all of the reasons stated in the Court's March 17, 2009 order, the Court finds that defendant is not entitled to qualified immunity.

## II. Motion for new trial

### A. Verdict supported by the evidence

**\*3** Defendant seeks a new trial on four grounds. First, defendant contends that the jury verdict is against the clear weight of the evidence. As discussed above, the Court disagrees and finds that the jury verdict is supported by the evidence.

### B. Evidence of Eklund's drug use, psychiatric condition and criminal charges

Second, defendant contends that evidence regarding Ms. Eklund's amphetamine intoxication and pending criminal actions, along with the testimony of Dr. Emily Keram, were improperly excluded from evidence during the liability phase. Defendant argues that this evidence was relevant to showing that Ms. Eklund was especially dangerous and posed a threat to the officers, and that without this evidence jurors were unaware of the totality of the circumstances surrounding the shooting. The Court excluded this evidence as irrelevant because Officer Markgraf was unaware that Ms. Eklund was under the influence of amphetamines or had pending criminal charges pending against her. Similarly, Dr. Keram's testimony about her psychiatric diagnosis of Ms. Eklund is irrelevant because Officer Markgraf did not know anything about Ms. Eklund-including her identity-at the time of the shooting. What was relevant was Ms. Eklund's conduct and the circumstances confronting Officer Markgraf when he shot Ms. Eklund, such as the car chase, the report of the stolen vehicle, Ms. Eklund's refusal to exit her vehicle, and Ms. Eklund's ramming of patrol vehicles. However, because Offi-

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Slip Copy  
Slip Copy, 2009 WL 1817004 (N.D.Cal.)  
**(Cite as: 2009 WL 1817004 (N.D.Cal.))**

Page 3

cer Markgraf did not know about Ms. Eklund's drug use or criminal charges, that evidence is not probative of whether Officer Markgraf shot Ms. Eklund with a purpose to harm unrelated to a legitimate law enforcement objective. *See Graham v. Connor,* 490 U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989); *Blanford v. Sacramento County,* 406 F.3d 1110, 1116 (9th Cir.2005).

**C. Jury instructions**

Third, defendant argues that several of defendant's proposed jury instructions should have been included during the liability phase. The instructions at issue relate to the standard of culpability for a violation of the Fourteenth Amendment. Defendant does not dispute the accuracy of the instruction that was given:

Plaintiffs' Section 1983 claim asserts a violation of their Fourteenth Amendment liberty interest in the companionship of their mother, decedent Karen Eklund. In order to prevail on this claim, plaintiff must prove that defendant Stephen Markgraf acted in a manner which shocks the conscience; that is, that Stephen Markgraf acted with a purpose to cause Karen Eklund's death unrelated to the legitimate law enforcement purposes of taking her into custody, self-defense, or the defense of others.

In determining whether defendant Stephen Markgraf acted with a purpose to cause Karen Eklund's death unrelated to a legitimate law enforcement purpose, you are instructed that taking her into custody, arresting her, self-defense, and the defense of others are legitimate law enforcement purposes.

**\*4** Docket No. 84 at 5. Instead, defendant contends that the Court should have given additional instructions that emphasized the heightened standard of culpability under the Fourteenth Amendment as compared to the Fourth Amendment. For example, defendant contends that the instruction that was given should have continued as follows:

Thus, even if you believe that Officer Markgraf did not have probable cause to arrest or take her into custody, or that Officer Markgraf's use of force was unreasonable, that is not sufficient to prove a violation of the plaintiffs' constitutional rights. To find a violation of plaintiffs' Constitutional rights, you would find that Officer Markgraf intended to harm Karen Eklund and that he was motivated by some purpose other than carrying out a legitimate law enforcement purpose.

Docket No. 77 at 38.Similarly, defendant proposed-and the Court did not give-the following instruction:

Plaintiffs A.D. and J.E. claim that defendant Stephen Markgraf violated their Fourteenth Amendment rights by pursuing decedent Karen Eklund in a high-speed chase terminating in the shooting of the decedent.

To establish this claim, plaintiffs must prove both of the following things by a preponderance of the evidence that:

Defendant Stephen Markgraf's conduct was arbitrary or unrelated to any legitimate goal of apprehending the decent or protecting other officers. It is not enough for plaintiffs to show that defendant Stephen Markgraf was careless or even reckless in pursuing the decedent. It is not enough for plaintiffs to prove that defendant Stephen Markgraf was deliberately indifferent to harm caused to decedent Karen Eklund. Plaintiffs A.D. and J.E. must prove that the defendant Stephen Markgraf intended to cause harm to decedent for a purpose that was unrelated to the valid goals of doing his job as a law enforcement officers, pursuing plaintiff, or protecting other officers.

*Id.* at 45.

"When the alleged error is in the formulation of the instructions, the instructions are to be considered as a whole and an abuse of discretion standard is applied to determine if they are misleading or inadequate." *Guebara v. Allstate Ins. Co.,* 237 F.3d 987, 992 (9th Cir.2001). Here, the jury was instructed that plaintiffs needed to prove that Officer Markgraf's conduct "shocked the conscience; that is, that he acted with a purpose to cause Karen Eklund's death unrelated to the legitimate law enforcement purposes of taking her into custody, self-defense, or the defense of others."This instruction is a correct statement of the Fourteenth Amendment standard of culpability. *See Porter v. Osborn,* 546 F.3d 1131, 1137 (9th Cir.2008) ("We hold, following Supreme Court precedent and our cases, that the purpose to harm standard must govern Osborn's conduct. Thus, viewing the facts in the light most favorable to the Porters, they must demonstrate that Osborn acted with a purpose to

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Slip Copy                                                                                                                          Page 4
Slip Copy, 2009 WL 1817004 (N.D.Cal.)
**(Cite as: 2009 WL 1817004 (N.D.Cal.))**

harm Casey that was unrelated to legitimate law enforcement objectives.). Defendant's proposed instructions were unnecessary because they were redundant to the extent that they restated that Markgraf could not be held liable unless he intended to cause harm unrelated to a legitimate law enforcement purpose. The proposed instructions were also misleading because they discussed matters that were not at issue in this case, such as whether Officer Markgraf had probable cause to arrest Ms. Eklund, or whether Officer Markgraf's use of force was reasonable. Similarly, one of the proposed instructions confusingly suggested that plaintiffs were challenging Officer Markgraf's actions during the car chase ("plaintiffs claim that defendant Stephen Markgraf violated their Fourteenth Amendment rights by pursuing decedent Karen Eklund in a high-speed chase terminating in the shooting of the decedent").

**D. Closing argument**

**\*5** Finally, defendant contends that plaintiff's attorneys attempted to prejudice the jury during closing argument of the liability phase. Defendant argues that counsel improperly attacked the character and motives of defendant and his counsel, such as by referring to Officer Markgraf as a "coward" who "fabricated" his story, and stating that defense counsel used "smoke and mirrors" to create a "Hollywood" production because defendant used video animated recreations of the chase and shooting scene. Defense counsel did not object to these or any of the other purportedly inflammatory statements.

"A new trial should only be granted where the flavor of misconduct ... sufficiently permeate[s] an entire proceeding to provide conviction that the jury was influenced by passion and prejudice in reaching its verdict." *Settlegood v. Portland Public Schools,* 371 F.3d 503, 517-18 (9th Cir.2004). An even higher threshold governs where, as here, defendants failed to object to the alleged misconduct during trial. *Id.* at 518. Under those circumstances, the court reviews for "plain or fundamental error," which requires: "(1) an error; (2) that the error be plain or obvious; (3) that the error have been prejudicial or affect substantial rights; and (4) that review be necessary to prevent a miscarriage of justice." *Id.*

The Court finds that none of the statements at issue meet this high threshold, and instead are within the bounds of acceptable advocacy. "A trial lawyer's job, after all, is to present his client's case in the most sympathetic light consistent with the evidence. Using some degree of emotionally charged language during closing argument in a civil case is a well-accepted tactic in American courtrooms." *Id.* (finding no misconduct where plaintiff's counsel had, *inter alia,* referred to his client as "brave little girl," claimed defense witnesses' testimony had been scripted and rehearsed by defense counsel, and said defendants had "back of the bus" mentality).

**CONCLUSION**

For the foregoing reasons, the Court DENIES defendant's motions for a new trial and for renewed judgment as a matter of law. (Docket Nos. 103 & 104).

**IT IS SO ORDERED.**

N.D.Cal.,2009.
A.D. v. California Highway Patrol
Slip Copy, 2009 WL 1817004 (N.D.Cal.)

END OF DOCUMENT

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.